IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JERRY ISAACSON AND PATRICIA ISAACSON, INDIVIDUALLY AND AS GUARDIANS OF JUVENILE FEMALE KV AND JUVENILE FEMALE AV, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF PHILLIP VAN ALSTINE, SHYLA VAN ALSTINE, AND JUVENILE FEMALE HV, DECEASED | § § § § § § § § § | PLAINTIFFS |
| V. | § § | Civil No. 1:08CV438-HSO-JMR |
| WASTE MANAGEMENT, INC., *et al.* | § | DEFENDANTS |

## ORDER GRANTING PLAINTIFFS' MOTION FOR RULE 56(f) RELIEF AND DENYING WITHOUT PREJUDICE MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS REBMAN TRUCK SERVICE, INC., AND JEFFERY BAKER

Before the Court are the Motion for Summary Judgment [105], filed on or about March 16, 2009, by Defendants Rebman Truck Service, Inc., and Jeffery Baker [collectively, "Rebman Defendants"], and the Motion for Rule 56(f) Relief [168], filed on or about June 30, 2009, by Plaintiffs. After consideration of the submissions of the parties, the record in this case, and the relevant law, the Court finds that Plaintiffs' Motion should be granted, and Rebman Defendants' Motion should be denied without prejudice, with leave to reassert once discovery in this matter has been concluded.

Rebman Defendants assert in their Motion for Summary Judgment that Plaintiffs' claims against them should be dismissed because Rebman Truck Service, Inc., has admitted that Jeffery Baker was acting in the course and scope of his employment at the time of the accident in question, and that there is no genuine issue of material fact to demonstrate that Baker was negligent in the accident.

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Subpart (c) to the Rule states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

Because discovery is ongoing, Plaintiffs request, pursuant to Rule 56(f), that Rebman Defendants' Motion be denied or, alternatively, stayed until certain discovery is conducted. In support of their Motion, Plaintiffs attach the Affidavit of Mark D. Lumpkin, one of Plaintiffs' attorneys, stating that additional discovery is necessary to allow Plaintiffs to respond to Rebman Defendants' Motion. Rule 56(f) provides that:

> [i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

FED. R. CIV. P. 56(f).

Rule 56(f) discovery motions are "broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). The Court is of the opinion that the Rule 56(f) standard is met here. Rule 56 "presupposes that a party opposing a motion for summary judgment has had an adequate time for discovery of evidence of contradictory facts." *Lewis v. Federal Reserve Bank of Atlanta–New Orleans*, 04-1452, 2004 WL 2035006, at *4 (E.D. La. Sept. 10, 2004).

Without such opportunity, Rebman Defendants' Motion is premature. A review of the record and briefs indicates that Plaintiffs have made a sufficient showing of their need for discovery before they can adequately address the factual issues raised in Rebman Defendants' Motion. Moreover, Rebman Defendants have filed no opposition to Plaintiffs' Motion. Rebman Defendants' Motion for Summary Judgment will therefore be denied without prejudice, with leave to reassert once the parties have concluded discovery.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiffs' Motion [168] for Rule 56(f) Relief, filed on or about June 30, 2009, is hereby **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion for Summary Judgment [105], filed on or about March 16, 2009, by Defendants Rebman Truck Service, Inc., and Jeffery Baker, is hereby **DENIED WITHOUT PREJUDICE**, with leave to reassert once the parties have concluded discovery.

**SO ORDERED AND ADJUDGED**, this the 3rd day of August, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE